David A. Ward (DAW 7669)
FOX AND FOX LLP
70 South Orange Avenue
Livingston, New Jersey 07039
(973) 597-0777
Attorneys for defendant Axiom Worldwide

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARLENE NEWMAN & JOEL NEWMAN, her husband, | |
| Plaintiffs, | Civil Action No. 06- |
| vs. | |
| AXIOM WORLDWIDE, MONTVALE REHAB & SPINAL CARE, and DR. DAVID SAINT, JOHN DOE and ABC CORPORATION, | **NOTICE OF REMOVAL** |
| Defendants. | |

TO:    Clerk, United States District Court
        District of New Jersey
        Martin Luther King, Jr. Federal Bldg.
        & U.S. Courthouse
        50 Walnut Street
        Newark, New Jersey 07102

        Eric Hausman, Esq.
        Law Offices of Steven A. Varano
        10 Furler Street
        P.O. Box 187
        Totowa, NJ 07512

Defendant Axiom Worldwide, via its attorneys, Fox and Fox LLP, and pursuant to 28 U.S.C. §§ 1332 and 1441, files this Notice of Removal with respect to the case identified as Newman v. Axiom Worldwide, et al., docket number BER- L-4787-06, from the Superior Court of New Jersey, Bergen County, Law Division.  In support of this Notice, defendant states as follows:

**BASES FOR REMOVAL**

1.      On or about June 27, 2006, plaintiffs Marlene Newman and Joel Newman filed a Complaint with the clerk of the Superior Court of New Jersey, Law Division, Bergen County, under docket number BER-L-4787-06.  A copy of the complaint is annexed hereto as Exhibit A.

2.      The Complaint alleges that plaintiffs Marlene Newman and Joel Newman are residents of the State of New Jersey, Passaic County.  (Exh. A, ¶¶ 1 and 2).

3.      The Complaint alleges that defendant Dr. David Saint is a resident of the State of New Jersey, Bergen County.  (Exh. A, ¶ 6).

4.      The Complaint alleges that defendant Montvale Rehab & Spinal Care is a domestic corporation organized and existing under the laws of the State of New Jersey and located at 8 Chestnut Ridge Road, Town of Montvale, County of Bergen, State of New Jersey.  (Exh. A, ¶ 5).

5.     The Complaint alleges that defendant Axiom Worldwide is a foreign corporation, organized in the State of Florida and conducting business at 9423 Corporate Lake Drive, Tampa, Florida 33634.

6.     The Complaint alleges negligence, strict liability, breach of warranty, and consumer fraud on the part of Axiom Worldwide and seeks to recover damages incurred as a result of an alleged defective product manufactured and distributed by Axiom Worldwide. (Exh. A, ¶¶ 28, 40, 44, 52, and 59).

7.     The amount of damages that plaintiffs may recover exceeds $75,000 in that plaintiffs seek to recover compensatory damages resulting from three surgeries allegedly cause by Axiom's conduct, including medical bills, pain and suffering, treble damages, attorneys' fees, and punitive damages. (Exh. A, Prayer for Relief at page 7).

8.     Plaintiffs have served a Statement of Damages seeking $2,000,000 in damages on each count of the Five Count Complaint. (The Statement of Damages is annexed as Exhibit B).

9.     On November 15, 2006, Axiom Worldwide received notice that a stipulation of dismissal had been delivered for filing to the Superior Court of New Jersey, Bergen County, on October 26, 2006, as to defendants Dr. David Saint and Montvale Rehab & Spinal Care. (A copy of the letter from plaintiffs' counsel enclosing the stipulation of dismissal and forwarding letter to the Superior Court is annexed as Exhibit C).

10.     The ground for removal is diversity of citizenship under 28 USC § 1332, inasmuch as plaintiffs and defendant Axiom Worldwide are citizens of different states, plaintiffs being New Jersey residents and Axiom Worldwide being a Florida corporation having a principal place of business in the State of Florida.   Additionally, the amount in controversy exceeds $75,000, exclusive of interest and costs (see paragraphs 7 and 8 above).  Based on the foregoing nature of these allegations, it appears that plaintiffs could recover in excess of $75,000 on their causes of action.

11.     Because plaintiffs' voluntary dismissal of defendants Dr. David Saint and Montvale Rehab & Spinal Care creates complete diversity of citizenship, and because the amount in controversy exceeds $75,000, this Court has jurisdiction over the case under the provisions of 28 USC §§ 1441 (b) and 1332.

**NOTICE IN STATE COURT**

12.     Axiom will file a copy of this Notice of Removal with the clerk of the Superior Court of New Jersey, Bergen County, Law Division, 10 Main Street, Hackensack, New Jersey, to effect removal of this action to the United States District Court pursuant to 28 USC § 1446 (b).

13.     Annexed hereto as Exhibit D is the Answer filed by Axiom Worldwide in the State Court action and Annexed as Exhibit E is the Answer filed by defendants Dr. David Saint and Montvale Rehab & Spinal Care in the State Court action. Copies of all other pleadings served by or upon Axiom Worldwide in the State Court action, are annexed as Exhibits A, B and C hereto.

Dated: November 17, 2006

FOX AND FOX LLP
70 South Orange Avenue
Livingston, New Jersey 07039
(973) 597-0777
Attorneys for defendant
Axiom Worldwide

By: David A. Ward (DAW 7669)

JUL-24-2006   16:04                                                                          P.02

**LAW OFFICES OF STEVEN A. VARANO**
**10 FURLER STREET, P.O. BOX 187**
**TOTOWA, NEW JERSEY 07512**
**(973) 256-1414 - Attorney for Plaintiff**

═══════════════════════════════

Marlene Newman & Joel Newman, her
husband
                   *Plaintiff(s)*

vs.

Axiom Worldwide, Montvale Rehab &
Spinal Care and Dr. David Saint, John Doe
and ABC Corporation, said names being
fictitious and unknown and used to connote
singular and plural person or entities,
                   *Defendant(s)*

═══════════════════════════════

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION: BERGEN COUNTY**
**DOCKET NO.: BER-L-4787-06**

CIVIL ACTION

*SUMMONS*

7/26/06   2:55PM
#CPS42592059

From the State of New Jersey to the Defendant(s) Named Above: *Axiom Worldwide*
The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.
The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this
Complaint, you or your attorney must file a written answer or motion and proof of service with the
Clerk of the Superior Court in the County listed above within 35 days from the date you received
this Summons, not counting the day you received it. (The address of each deputy clerk of the
Superior Court is provided). A $110.00 filing fee payable to the Clerk of the Superior Court and a
completed Case Information Statement (available from the Deputy Clerk of the Superior Court)
must accompany your answer or motion when it is filed.

You must also send a copy of your answer or motion to plaintiff's attorney, whose name and
address above, or to plaintiff, if no attorney is named above. A telephone call will not protect your
rights; you must file and serve a written answer or motion (with fee and completed Case Information
Statement) if you want the Court to hear your defenses

If you do not file and serve a written answer or motion within 35 days, the Court may enter a
judgment against you for the relief plaintiff demands, plus interest and court costs. If judgment is
entered against you, the Sheriff may seize your money, wages or property to pay off all or part of
the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county
where you live. A list of these offices is provided. If you do not have an attorney and are not
eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the
Lawyer Referral Services. A list of these numbers is also provided.

Dated: July 13, 2006                    /s/ Donald F. Phelan
                                        Clerk of the Superior Court

Name and address of Defendant to be served:        *Axiom Worldwide*
                                                   *9423 Corporate Lake Drive*
                                                   *Tampa, Florida 33634*

EXH. A

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center
10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
1st Floor, Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Floor, Hall of Records
101 South Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 North Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets, P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office, Attn: Intake
1st Floor, Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Department
Brennan Court House, 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad Street
P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
3rd Floor
1 Kennedy Square, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House, 71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Place, P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5628
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Floor
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House, 413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

JUL-24-2006 16:06                                                              P.05

SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680                TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 527-2600
COURT HOURS

                         DATE:   JUNE 30, 2006
                         RE:     NEWMAN VS AXIOM WORLDWIDE
                         DOCKET: BER L -004797 06

    THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON JONATHAN N. HARRIS

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM        003
AT:  (201) 527-2600.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                    ATT: STEVEN A. VARANO
                                    STEVEN A. VARANO
                                    10 FURLER STREET
                                    P O BOX 187
                                    TOTOWA          NJ 07512

JUDGE

JUL-24-2006 16:06 P.06

**LAW OFFICES OF STEVEN A. VARANO**
10 Furler Street
P.O. Box 187
Totowa, New Jersey 07512
(973) 256-1414
Attorney for Plaintiff - CV

FILED
JUN 27 2006
DEPUTY CLERK

SUPERIOR COURT BERGEN COUNTY
FILED
JUN 27 2006
DEPUTY CLERK

| | |
|---|---|
| MARLENE NEWMAN & JOEL NEWMAN, her husband<br><br>Plaintiffs,<br><br>VS.<br><br>AXIOM WORLDWIDE, MONTVALE REHAB & SPINAL CARE and DR. DAVID SAINT, JOHN DOE and ABC CORPORATION, said names being fictitious and unknown and used to connote singular and plural person or entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY<br><br>DOCKET NO.: L - 4787-06<br><br>Civil Action<br><br>COMPLAINT, JURY DEMAND, TRIAL DESIGNATION, CERTIFICATION |

Plaintiff, complaining of the defendants herein, by and through counsel, The Law Offices of Steven A. Varano respectfully alleges as follows:

## INTRODUCTION

This is an action for damages under Strict Products Liability, Negligence, Breach of Warranty, Consumer Fraud Act N.J.S.A. § 56:8-1 et seq, and Medical Malpractice resulting from back and shoulder injuries sustained by plaintiff while receiving treatment from a device know as the Axiom Worldwide DRX9000, a spinal decompression device

## PARTIES

1. At all times hereinafter mentioned, Plaintiff, MARLENE NEWMAN, (hereinafter "NEWMAN") is a natural person who at all relevant times was and continues to be a resident of the State of New Jersey, County of Passaic

2. At all times hereinafter mentioned, Plaintiff, JOEL NEWMAN, (hereinafter "JN") the husband of MARLENE NEWMAN, is a natural person who at all relevant times was and continues to be a resident of the State of New Jersey, County of Passaic.

3. At all times hereinafter mentioned, defendant AXIOM WORLDWIDE, (hereinafter "AXIOM") was and is a foreign corporation, upon information and belief, organized in the State of Florida conducting business at 9423 Corporate Lake Drive, Tampa, Florida 33634.

Page | 1

4. At all times hereinafter mentioned, defendant AXIOM marketed to and transacted business within the State of New Jersey and contracted to supply its products within the State of New Jersey.

5. That upon information and belief at all of the times herein mentioned, MONTVALE REHAB & SPINAL CARE, (hereinafter "MRSC") was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New Jersey at 8 Chestnut Ridge Road in the Town of Montvale, County of Bergen, State of New Jersey.

6. That at all of the times herein mentioned defendant Dr. DAVID SAINT (hereinafter "DS") maintained a practice at 8 Chestnut Ridge Road in the Town of Montvale, County of Bergen, State of New Jersey.

7. That at all of the times herein mentioned, the defendant DS was engaged in the practice of providing chiropractic medical services including the diagnosis and treatment of patients.

8. At all times herein mentioned, defendant DS held himself out to be a doctor of chiropractic medicine duly qualified to provide chiropractic care on human patients.

9. That at all times herein mentioned the defendants MRSC an DS for the purpose of and in the course of its business maintained and provided back and spine treatments with a device know as the Axiom Worldwide DRX9000, designed, manufactured and distributed by defendant AXIOM.

10. JOHN DOEs and ABC CORPORATIONs include, but are not limited to designers, inspectors, servicers, distributors, maintainers, installers, and assisting medical personnel.

## FACTS

11. Plaintiff NEWMAN was under the care of defendant DS for back treatment.

12. On or about June 27, 2004 plaintiff NEWMAN consulted a back specialist in the diagnosis and treatment related to back pain she was experiencing.

13. On or about July 7, 2004 plaintiff visited defendant DS at the facilities of defendant MRSC at 8 Chestnut Ridge Road in the Town of Montvale, County of Bergen, State of New Jersey.

14. At the above visit defendant DS prescribed for plaintiff NEWMAN to receive spinal decompression treatments with a device called the Axiom Worldwide DRX9000.

15. Plaintiff was not told of any risks associated with the use of the Axiom Worldwide DRX9000.

Page | 2

16. Axiom Worldwide DRX9000 is reported to work by 'decompressing the spine' by pulling the upper body from the lower body.

17. While strapped to the Axiom Worldwide DRX9000 during treatment, plaintiff NEWMAN experienced discomfort in the area about the back and left shoulder.

18. The next morning plaintiff NEWMAN woke with severe pain about the same area of the back and left shoulder.

19. As a result of the treatment, NEWMAN had suffered a torn rotator cuff of the left shoulder.

20. As a result of the above injuries plaintiff NEWMAN was cause to suffer substantial pain, limitation of use, and decreased range of motion.

21. In the efforts to repair plaintiff NEWMAN's injuries she was required to undergo three (3) surgical procedures to the left shoulder.

## AS AND FOR A FIRST CLAIM
## NEGLIGENCE (AGAINST ALL DEFENDANTS)

22. Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

23. The Defendant AXIOM manufactured, sold, distributed and/or promoted and placed in the stream of commerce the Axiom Worldwide DRX9000 spinal decompression device used by defendants DS and MRSC to treat Plaintiff NEWMAN.

24. The Defendant AXIOM as designer, manufacturer, seller, distributor, marketer and/or promoter of the Axiom Worldwide DRX9000 that was used by defendants DS and MRSC to treat Plaintiff NEWMAN, had a duty to properly design, construct and manufacturer the DRX9000 spinal decompression device so as to prevent shoulder and back injuries

25. The Defendant AXIOM as designer, manufacturer, seller, distributor, marketer and/or promoter of the Axiom Worldwide DRX9000 that was used by defendants DS and MRSC to treat Plaintiff NEWMAN, had a duty to adequately and fully warn of all potential injuries which they knew, or had reason to know, are inherent in the use of the DRX9000 spinal decompression device.

26. Prior to July 7, 2004, Defendant AXIOM as designer, manufacturer, seller, distributor, marketer and/or promoter of the Axiom Worldwide DRX9000 that was used by defendants DS and MRSC to treat Plaintiff NEWMAN, had a duty to timely, fully and accurately warn regarding the dangers, risks and known number of injuries related to the DRX9000 spinal decompression device when they knew or had reason to know of the dangers and other serious risks and injuries associated with the use of the DRX9000

Page | 3

Case 2:06-cv-05564-WHW-CCC Document 1 Filed 11/20/06 Page 12 of 48

spinal decompression device.

27. Defendant AXIOM had a duty to conduct adequate clinical trials with a demographically representative population before releasing the DRX9000 spinal decompression device.

28. Defendant AXIOM committed numerous acts of negligence, including but not limited to (1) designing the subject product in such a manor as to permit the injury suffered by plaintiff as alleged above; (2) failing to provide adequate instruction on the safe operation of the DRX9000 spinal decompression device; (3) failing to timely and adequately warn consumers of the actual known risk of injuries associated with the use of its DRX9000 spinal decompression device; and/or (4) failing to conduct adequate clinical trials and tests on humans to determine the safety on the DRX9000 spinal decompression device, in particular a demographically representative population that includes elderly participants.

29. Defendants DS and MRSC negligently failed to provide plaintiff NEWMAN with adequate warnings regarding the risk and potential for injury associated with the product (informed consent).

30. Defendants DS and MRSC improperly and negligently failed to provide proper and adequate instruction to plaintiff NEWMAN on the operation of the DRX9000 spinal decompression device.

31. Defendants DS and MRSC improperly and negligently fitted the DRX9000 harness on plaintiff NEWMAN.

32. That the medical care and treatment rendered and afforded by the defendants DS and MRSC and their agents, officers, servants and/or employees to plaintiff NEWMAN was careless and negligent and not in accordance with good and acceptable medical practices then and there existing.

33. As a direct and proximate result of the negligence of the defendants, plaintiff NEWMAN suffered injuries and related losses, in addition plaintiff JN suffered services and companionship losses. In negligence, plaintiffs respectfully seek all damages to which they are legally entitled.

## AS AND FOR A SECOND CLAIM
### STRICT LIABILITY (AGAINST DEFENDANT AXIOM)

34. Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

35. The Defendant AXIOM caused to be manufactured, sold, distributed and/or promoted and placed in the stream of commerce the Axiom Worldwide DRX9000 spinal decompression device that was purchased and used by defendants DS and MRSC to treat Plaintiff NEWMAN.

Page | 4

36. The Axiom Worldwide DRX9000 spinal decompression device used by defendants DS and MRSC to treat Plaintiff NEWMAN, did reach defendants DS and MRSC and was used on plaintiff NEWMAN without a substantial change in condition.

37. At the time of plaintiff NEWMAN's injury the Axiom Worldwide DRX9000 spinal decompression device was being used for the purpose and in the manner it was normally intended and/or foreseeable expected to be used.

38. The Axiom Worldwide DRX9000 spinal decompression device was defective and unreasonably dangerous in light of the injury sustained by plaintiff NEWMAN and other risks associated with its use.

39. The Axiom Worldwide DRX9000 spinal decompression device and unreasonably dangerous in light of the lack of an adequate warning of the risks and danger of injuries associated with its use.

40. As a direct and proximate result of defendant AXIOM's design, manufacture and notice defect with regard to the subject product, plaintiff NEWMAN was caused to suffer injuries and related losses. In addition plaintiff JN suffered services and companionship losses. For such defects under products liability the defendant AXIOM is strictly liable. In strict liability, the plaintiffs respectfully seek all damages to which they are legally entitled.

## AS AND FOR A THIRD CLAIM
## BREACH OF IMPLIED WARRANTY (AGAINST DEFENDANT AXIOM)

41. Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

42. The Defendant AXIOM caused to be manufactured, sold, distributed and/or promoted and placed in the stream of commerce the Axiom Worldwide DRX9000 spinal decompression device that was purchased and used by defendants DS and MRSC to treat Plaintiff NEWMAN.

43. The Axiom Worldwide DRX9000 spinal decompression device used by defendants DS and MRSC to treat Plaintiff NEWMAN, did reach defendants DS and MRSC and was used on plaintiff NEWMAN without a substantial change in condition.

44. Defendant AXIOM and their agents and employees, in manufacturing, selling, distributing, supplying, marketing and/or promoting the Axiom Worldwide DRX9000 spinal decompression device, impliedly warranted that said devices was not unreasonably dangerous and was merchantable and fit for its intended use by defendants DS and MRSC and plaintiff NEWMAN.

45. Defendant AXIOM and their agents and employees, breached said warranties in that the
Axiom Worldwide DRX9000 spinal decompression device was not safe for its ordinary
purpose as a pain relieving spinal decompression device in that it had potentially harmful
propensities, including the propensities that caused injuries to plaintiff NEWMAN, as
alleged above.

46. Defendant AXIOM and their agents and employees, failed to provide adequate warnings
with the Axiom Worldwide DRX9000 spinal decompression device, rendering it
unreasonably dangerous and unfit for the ordinary purposes for which it was intended and
anticipated to be used, in breach of warranty.

47. As a direct and proximate result of the Defendant AXIOM's breaches of warranty, upon
which plaintiff NEWMAN relied, she was caused to suffer injuries and related losses. In
addition plaintiff JN suffered services and companionship losses. For such breaches of
Implied Warranty of Merchantability, the plaintiffs respectfully seek all damages to
which they are legally entitled.

## AS AND FOR A FOURTH CLAIM
## BREACH OF EXPRESSED WARRANTY (AGAINST DEFENDANT AXIOM)

48. Plaintiffs incorporate by reference the allegations set forth above in Paragraphs as if
fully set forth herein.

49. Defendant AXIOM and their agents and employees, in manufacturing, selling,
distributing, supplying, marketing and/or promoting the Axiom Worldwide DRX9000
spinal decompression device, expressly warranted that said devices are "totally safe,"
without risk of injury and designed to "[avoid] any injuries."

50. Defendant AXIOM's promotional literature included the following question and answer
statement:
> "Is there any risk to the patient during treatment on the DRX 9000?
> No. The DRX 9000 is totally safe and comfortable for all subjects. The system has
> emergency stop switches for both the patient and the operator. These switches
> are a requirement of the FDA and terminates the treatment immediately,
> avoiding any injuries."

51. Plaintiff NEWMAN, as well as defendants DS and MRSC, relied upon the truthfulness
and accuracy of warranties and representations of defendant AXIOM regarding the
Axiom Worldwide DRX9000 spinal decompression device.

52. Defendant AXIOM and their agents and employees, breached said warranties in that the
Axiom Worldwide DRX9000 spinal decompression device was not safe for its ordinary
purpose as a pain relieving spinal decompression device in that it had potentially harmful
propensities, including the propensities that caused injuries to plaintiff NEWMAN, as
alleged above.

53. As a direct and proximate result of the Defendant AXIOM's breaches of warranty, upon which plaintiff NEWMAN relied, she was caused to suffer injuries and related losses, in addition plaintiff JN suffered services and companionship losses. For such breaches of Express Warranty, the Plaintiffs respectfully seek all damages to which they are legally entitled.

## AS AND FOR A FIFTH CLAIM
## VIOLATIONS OF CONSUMER FRAUD ACT N.J.S.A. § 56:8-1 (AGAINST DEFENDANT AXIOM)

54. Plaintiffs incorporate by reference the allegations set forth above as if fully set forth herein.

55. Defendant AXIOM and their agents and are engaged in trade or commerce in New Jersey within the meaning of N.J. Stat. § 56:8-1 et seq.

56. At the time the Defendant AXIOM manufactured, developed, marketed, sold and/or distributed the Axiom Worldwide DRX9000 spinal decompression device, they knew or should have known of the potentially dangerous propensities of their product.

57. Despite Defendant AXIOM's knowledge, it manufactured, developed, marketed, sold and/or distributed and continued to manufacture, develop, market, sell and/or distribute the Axiom Worldwide DRX9000 spinal decompression device without warnings of its dangerous propensities.

58. Defendant AXIOM's acts and practices were misleading in material respects. Moreover, said actions and statement were commercially reckless and grossly negligent. Including but not limited to AXIOM's claim that the subject product was "totally safe," without risk of injury and designed to "[avoid] any injuries."

59. As a direct and proximate result of the Defendant's misleading acts and practices, upon which plaintiff NEWMAN relied, she was caused to suffer injuries and related losses. In addition plaintiff JN suffered services and companionship losses. For such violations, the plaintiffs respectfully seeks all damages to which plaintiffs are legally entitled, including - because AXIOM's commercially reckless and grossly negligent conduct as set forth above - treble damages, reasonable attorneys' fees, filing fees and reasonable costs of suit pursuant to N.J. Stat. § 56:8-19.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demands judgment against the defendant on all cause of action as follows:

    I.    judgment be entered against Defendants on all counts of this Complaint jointly and severally;

    II.    the Plaintiffs be awarded their full, fair and complete compensation;

III.   the Plaintiffs be awarded their full, fair and complete compensation, treble damages, attorney's fees, expert witness fees and costs pursuant to N.J. Stat. § 56:8-1 et seq.;

IV.   the Plaintiffs be awarded all appropriate costs, attorneys' fees and interest authorized by law on the judgments that enter in their behalf;

V.   the Plaintiffs be awarded punitive damages; and

VI.   for such other relief as the Court deems just.

Dated: June 25, 2006

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all counts.

LAW OFFICES STEVEN A. VARANO, P.C.

BY:_____
STEVEN A. VARANO
Attorney for Plaintiffs

DATED: June 25, 2006

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, attorney Steven A. Varano, Esq. is hereby designated as trial counsel.

LAW OFFICES STEVEN A. VARANO, P.C.

BY:_____
STEVEN A. VARANO
Attorney for Plaintiffs

DATED: June 25, 2006

## <u>CERTIFICATION</u>

I hereby certify, pursuant to Rule 4:5-1, that to my knowledge this matter is not subject to any other action. No other action is being contemplated and no other party should be joined in this action at this time.

LAW OFFICES STEVEN A. VARANO, P.C.

BY: _____

STEVEN A. VARANO
Attorney for Plaintiffs

Dated: June 25, 2006

01/25/2006  12:56 FAX                    GUARANTEED  SOFTWARE                    @015/018

JUL-24-2006  16:09                                                          P.15

FOR USE BY CLERK'S OFFICE ONLY

# CIVIL CASE INFORMATION STATEMENT

USE FOR INITIAL LAW DIVISION – CIVIL PART PLEADINGS (NOT
MOTIONS) UNDER RULE 4:5-1.
PLEADING WILL BE REJECTED FOR FILING, UNDER THE RULE 1:5-6(C),
IF INFORMATION ABOVE THE BLACK BAR IS NOT COMPLETED OR
IF ATTORNEY'S SIGNATURE IS NOT AFFIXED.

PAYMENT TYPE: CK   CG   CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| | | |
|---|---|---|
| **Attorney/Pro Se Name**<br>STEVEN A. VARANO, ESQ.<br>**Firm Name** | **Telephone Number**<br>973-256-1414 | **County of Venue**<br>Bergen<br>Docket Number 4787-06 |

**Firm Name**
LAW OFFICES OF STEVEN A. VARANO, P.C.

**Office Address**
10 FURLER STREET, P.O. BOX 187
TOTOWA, NEW JERSEY

**Document Type**
Complaint, Jury Demand
Designation of Trial
Counsel and Certification
**Jury Demand**
Yes xx  No

**Name of Party (e.g. John Doe, Plaintiff)**
Marlene Newman & Joel Newman, her husband

**Caption**
MARLENE NEWMAN & JOEL NEWMAN, her husband
v. AXIOM WORLDWIDE, MONTVALE REHAB & SPINAL CARE
and DR. DAVID SAINT, JOHN DOE and ABC CORPORATION,
said names being fictitious and unknown and used to connote singular
and plural person or entities,

Plaintiff

**CASE TYPE NUMBER**
(See reverse side for listing)

**IS THIS A PROFESSIONAL MALPRACTICE CASE?** __x__ YES ____ NO
IF YOU HAVE CHECKED "YES" SEE N.J.S.A.2A:53A-27 AND APPLICABLE CASE LAW
REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT

**604 & 606**
RELATED CASES PENDING?          IF YES, LIST DOCKET NUMBERS
___ YES   _X_ NO

DO YOU ANTICIPATE ADDING ANY
PARTIES (arising out of same ____ YES      _X_ NO
transaction or occurrence)?

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
NONE      X  UNKNOWN

### THE INFORMATION PROVIDED BELOW CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

A.  DO PARTIES HAVE A CURRENT,        IF YES, IS THAT
PAST OR RECURRENT                    RELATIONSHIP      ___ EMPLOYER-EMPLOYEE  ___ FRIEND/NEIGHBOR  ___ OTHER (explain)
RELATIONSHIP?  ___ YES   _X_ NO
                                                      ___ FAMILIAL          ___ BUSINESS

B.  DOES THE STATUTE GOVERNING THIS
CASE PROVIDE FOR PAYMENT OF FEES BY
THE LOSING PARTY?              ___ YES   _X_ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS
THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATION DISPOSITION:

**SUPERIOR COURT BERGEN COUNTY**
**FILED**

DO YOU OR YOUR CLIENT HAVE ANY NEEDS UNDER THE AMERICANS WITH DISABILITIES ACT?

___ YES   _X_ NO      IF YES, PLEASE IDENTIFY THE
                      REQUESTED ACCOMMODATION:

**JUN 27 2006**

WILL AN INTERPRETER BE NEEDED?

___ YES   X NO      IF YES, FOR WHAT LANGUAGE:

ATTORNEY SIGNATURE

DEPUTY CLERK

SIDE 2          CIVIL CASE INFORMATION STATEMENT
                              (CIS)
                USE FOR INITIAL PLEADINGS (NOT MOTIONS) UNDER *RULE* 4:5-1

CASE TYPES (CHOOSE ONE AND ENTER NUMBER OF CASE TYPE IN APPROPRIATE SPACE ON THE REVERSE SIDE.)

TRACK I -- 150 DAYS' DISCOVERY

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FOAFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY |
| 502 | BOOK ACCOUNT |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM OR UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 599 | CONTRACT |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |

TRACK II -- 300 DAYS' DISCOVERY

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (OTHER THAN CEPA OR LAD) |
| 602 | ASSAULT AND BATTERY |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

TRACK III – 450 DAYS' DISCOVERY

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

TRACK IV – ACTIVE CASE MANAGEMENT BY INDIVIDUAL JUDGE/450 DAYS' DISCOVERY

| | |
|---|---|
| 156 | ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRIT |

MASS TORT (TRACK IV)

| | | | |
|---|---|---|---|
| 240 | REDUX/PHEN-FEN (formerly "DIET DRUG") | 601 | ASBESTOS |
| 248 | CIBA GEIGY | 619 | VIOXX |
| 264 | PPA | | |

999     OTHER (BRIEFLY DESCRIBE NATURE OF ACTION) _____

---

IF YOU BELIEVE THIS CASE REQUIRES A TRACK OTHER THAN THAT PROVIDED ABOVE, PLEASE INDICATE THE REASON ON SIDE 1, IN THE SPACE UNDER "CASE CHARACTERISTICS."

Please check off each applicable category:

_____ Verbal Threshold        _____ Putative Class Action        _____ Title 59

Revised effective 4/1/05



LAW OFFICES
# STEVEN A. VARANO, P.C.
10 FURLER STREET
P.O. BOX 187
TOTOWA, NEW JERSEY 07512

STEVEN A. VARANO*
—————————
GARY D. TOMASELLA
ERIC S. HAUSMAN*

TEL: (973) 256-1414
FAX: (973) 256-6111
EMAIL: MAIL@VARANOLAW.COM

*MEMBER OF NJ & PA BARS
°MEMBER OF NJ & NY BARS

November 15, 2006

SENT VIA FASCIMILE (973) 597-0884 & FEDERAL EXPRESS
Fox & Fox, LLP
70 South Orange Avenue
Livingston, NJ 07039
Attn:   David A. Ward, Esq.

Re:    Newman v. Axion Worldwide, et al.
        Docket No.: BER-L-4787-06

Dear Mr. Ward:

        I am in receipt of your letter and fax dated November 14, 2006 regarding the
above referenced matter and apologize for not enclosing the following:

1.    Stipulation of Dismissal as to Dr. David Saint & Montvale Rehab & Spinal
      Care sent to the Court for filing on October 26, 2006.
2.    All pleadings filed on behalf of Dr. David Saint & Montvale Rehab & Spinal
      Care.
3.    Medical records just received from Advanced Orthopedic Associates.
4.    Statement of Damages.

        If you need any further information to withdraw your motion returnable on
Friday, November 17, 2006, please do not hesitate to contact the undersigned.

        Thank you for your consideration with this matter.

        Very truly yours,

        Eric S. Hausman
        ESH/em

EXH. B

NOV-15-2006  10:01                                                                          P.02

## WAHRENBERGER, PIETRO & SHERMAN LLP
### Counsellors at Law

150 Morris Avenue
Springfield, New Jersey  07081
Telephone - 973-258-9000
Facsimile - 973-258-9899

Judith A. Wahrenberger*
JoAnn Pietro
Renee Sherman*
Sharon Batson
Maureen A. Mahoney
Andrea G. Rapuano

    * Certified by the Supreme Court as a
    Civil Trial Attorney

October 26, 2006

**RECEIVED**

NOV 02 2006

STEVEN A. VARANO, ESC.

Filing Clerk, Law Division – Civil
Bergen County Court House
10 Main Street
Hackensack, New Jersey 07601

    Re:     Newman v. Saint Chiropractic Center, P.C.
                Docket No.:   BER-L-4787-06

Dear Sir or Madam:

    Enclosed for filing is an original and two copies of the Stipulation of Dismissal as to defendants, Dr. David Saint & Montvale Rehab & Spinal Care only. Kindly file same returning a filed copy to my office in the courtesy envelope provided.

    Kindly charge this firm's account number 140950 with the filing fee for same. Thank you.

                                      Very truly yours,

                                      WAHRENBERGER, PIETRO & SHERMAN LLP

                                      RENEE J. SHERMAN

RJS/sc
Enclosure
cc: Steven A. Varano, Esq.

LAW OFFICES OF STEVEN A. VARANO
10 Furler Street
P.O. Box 187
Totowa, New Jersey 07512
(973) 256-1414
Attorney for Plaintiff - CV

| | |
|---|---|
| MARLENE NEWMAN & JOEL NEWMAN, her husband<br><br>                    Plaintiffs,<br>vs.<br><br>AXIOM WORLDWIDE,<br>MONTVALE REHAB & SPINAL CARE<br>and DR. DAVID SAINT, JOHN DOE and<br>ABC CORPORATION, said names<br>being fictitious and unknown and used<br>to connote singular and plural person<br>or entities,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  BERGEN COUNTY<br><br>DOCKET NO.: BER-L-4787-06<br><br>Civil Action<br><br>STIPULATION OF DISMISSAL |

This matter in difference in the above entitled action having been amicably adjusted by and between the parties, it is herby stipulated and agreed by the attorneys for the respective parties that the above action with regard to Defendants **Dr. David Saint & Montvale Rehab & Spinal Care only** be dismissed without prejudice and without costs.

**WAHRENBERGER, PIETRO & SHERMAN, LLP**

By: _____
        Renee Sherman, Esq.
        Attorney for Defendant
        Dr. David Saint & Montvale Rehab & Spinal Care

**LAW OFFICES OF STEVEN A. VARANO, P.C.**
Counselors At Law

By: _____
        Eric S. Hausman, Esq.
        Attorney for Plaintiffs
        Marlene & Joel Newman

Dated: October 13, 2006



LAW OFFICES

# STEVEN A. VARANO, P.C.

10 FURLER STREET
P.O. BOX 187
TOTOWA, NEW JERSEY 07512

STEVEN A. VARANO*

GARY D. TOMASELLA

ERIC S. HAUSMAN*

TEL: (973) 256-1414
FAX: (973) 256-6111
EMAIL: MAIL@VARANOLAW.COM

*MEMBER OF NJ & PA BARS
°MEMBER OF NJ & NY BARS

November 15, 2006

SENT VIA FASCIMILE (973) 597-0884 & FEDERAL EXPRESS
Fox & Fox, LLP
70 South Orange Avenue
Livingston, NJ 07039
Attn:  David A. Ward, Esq.

Re:     Newman v. Axion Worldwide, et al.
        Docket No.: BER-L-4787-06

Dear Mr. Ward:

I am in receipt of your letter and fax dated November 14, 2006 regarding the above referenced matter and apologize for not enclosing the following:

1.  Stipulation of Dismissal as to Dr. David Saint & Montvale Rehab & Spinal Care sent to the Court for filing on October 26, 2006.
2.  All pleadings filed on behalf of Dr. David Saint & Montvale Rehab & Spinal Care.
3.  Medical records just received from Advanced Orthopedic Associates.
4.  Statement of Damages.

If you need any further information to withdraw your motion returnable on Friday, November 17, 2006, please do not hesitate to contact the undersigned.

Thank you for your consideration with this matter.

Very truly yours,

Eric S. Hausman
ESH/em

EXH. C

NOV-15-2006  16:01                                                                                      P.02

# WAHRENBERGER, PIETRO & SHERMAN LLP
## Counsellors at Law

150 Morris Avenue
Springfield, New Jersey  07081
Telephone - 973-258-9000
Facsimile - 973-258-9899

Judith A. Wahrenberger*
JoAnn Pietro
Renee Sherman◊
Sharon Batson
Maureen A. Mahoney
Andrea G. Rapuano

* Certified by the Supreme Court as a
  Civil Trial Attorney

October 26, 2006

**RECEIVED**

NOV 0 2 2006

STEVEN A. VARANO, ESC.

Filing Clerk, Law Division – Civil
Bergen County Court House
10 Main Street
Hackensack, New Jersey 07601

Re:   Newman v. Saint Chiropractic Center, P.C.
       Docket No.:   BER-L-4787-06

Dear Sir or Madam:

   Enclosed for filing is an original and two copies of the Stipulation of Dismissal as to defendants, Dr. David Saint & Montvale Rehab & Spinal Care only.  Kindly file same returning a filed copy to my office in the courtesy envelope provided.

   Kindly charge this firm's account number 140950 with the filing fee for same. Thank you.

Very truly yours,

WAHRENBERGER, PIETRO & SHERMAN LLP

RENEE J. SHERMAN

RJS/sc
Enclosure
cc: Steven A. Varano, Esq.

LAW OFFICES OF STEVEN A. VARANO
10 Furler Street
P.O. Box 187
Totowa, New Jersey 07512
(973) 256-1414
Attorney for Plaintiff - CV

| | |
|---|---|
| MARLENE NEWMAN & JOEL NEWMAN, her husband | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY |
| Plaintiffs, | DOCKET NO.: BER-L-4787-06 |
| vs. | Civil Action |
| AXIOM WORLDWIDE, MONTVALE REHAB & SPINAL CARE and DR. DAVID SAINT, JOHN DOE and ABC CORPORATION, said names being fictitious and unknown and used to connote singular and plural person or entities, | STIPULATION OF DISMISSAL |
| Defendants. | |

This matter in difference in the above entitled action having been amicably adjusted by and between the parties, it is herby stipulated and agreed by the attorneys for the respective parties that the above action with regard to Defendants **Dr. David Saint & Montvale Rehab & Spinal Care only** be dismissed without prejudice and without costs.

**WAHRENBERGER, PIETRO & SHERMAN, LLP**

By: _____
    Renee Sherman, Esq.
    Attorney for Defendant
    Dr. David Saint & Montvale Rehab & Spinal Care

LAW OFFICES OF STEVEN A. VARANO, P.C.
Counselors At Law

By: _____
    Eric S. Hausman, Esq.
    Attorney for Plaintiffs
    Marlene & Joel Newman

Dated: October 13, 2006

FOX AND FOX LLP
70 South Orange Avenue
Livingston, New Jersey 07039
Telephone (973) 597-0777
Fax (973) 597-0884
*Attorneys for Defendant*
*Axiom Worldwide*

| | |
|---|---|
| MARLENE NEWMAN & JOEL NEWMAN, her husband,<br><br>        Plaintiffs,<br><br>vs.<br><br>AXIOM WORLDWIDE, MONTVALE REHAB & SPINAL CARE, and DR. DAVID SAINT, JOHN DOE and ABC CORPORATION,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY: LAW DIVISION DOCKET NO. BER- L-4787-06<br><br>CIVIL ACTION<br><br>**ANSWER, RULE 4:5-2 and 4:18-2 REQUESTS, and DESIGNATION OF TRIAL COUNSEL** |

Defendant Axiom Worldwide, with an address at 9423 Corporate Lake Drive, Tampa, Florida, by way of Answer to the Complaint, says:

### Introduction

To the extent that a response is required to plaintiffs' "Introduction", Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the "Introduction."

### Parties

1.    Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

*ExH. D*

2.     Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3.     Axiom admits that it is a foreign company with a business address at 9423 Corporate Lake Drive, Tampa, Florida 33634.

4.     Axiom admits that it has contracted with individuals and/or entities in the State of New Jersey and except as so admitted, denies the allegations of paragraph 4.

5. Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. The allegations of paragraph 10 constitute a statement to which no response is required; however, to the extent that a response is required, Axiom states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

## FACTS

11. Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

2

12. Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. The allegations of paragraph 16 represent statements by unidentified individuals or sources and therefore Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. Axiom denies that any injuries alleged by plaintiff are the result of acts or omissions on the part of Axiom and, except as so denied, Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. Axiom denies that any injuries alleged by plaintiff are the result of acts or omissions on the part of Axiom and, except as so denied, Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21. Axiom denies that any injuries alleged by plaintiff are the result of acts or omissions on the

3

part of Axiom and, except as so denied, Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

## (ANSWER TO FIRST CLAIM - NEGLIGENCE)

22. Axiom repeats and realleges its responses to paragraphs 1 through 21 of the Complaint as though set forth in full herein.

23. Axiom admits that it designs, manufactures and sells the DRX 9000, denies that it breached any duty owed as a result of the design, manufacture and sale of the DRX 9000 and, except as so admitted and denied, Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. Axiom admits that it designs, manufactures and sells the DRX 9000, denies that it breached any duty owed as a result of the design, manufacture and sale of the DRX 9000 and, except as so admitted and denied, Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25. Axiom admits that it designs, manufactures and sells the DRX 9000, denies that it breached any duty owed as a result of the design, manufacture and sale of the DRX 9000 and, except as so admitted and denied, Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26. Axiom admits that it designs, manufactures and sells the DRX 9000, denies that it breached any duty owed as a result of the design, manufacture and sale of the DRX 9000 and, except as so admitted and denied, Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27. Denied.

4

28. Denied.

29. Axiom denies that any injuries alleged by plaintiff are the result of acts or omissions on the part of Axiom and, except as so denied, Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. Axiom denies that any injuries alleged by plaintiff are the result of acts or omissions on the part of Axiom and, except as so denied, Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31. Axiom denies that any injuries alleged by plaintiff are the result of acts or omissions on the part of Axiom and, except as so denied, Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32. Axiom denies that any injuries alleged by plaintiff are the result of acts or omissions on the part of Axiom and, except as so denied, Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33. Axiom denies the claim of negligence and denies that any injuries alleged by plaintiff are the result of acts or omissions on the part of Axiom and, except as so denied, Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33. Axiom denies that plaintiffs are entitled to any damages from Axiom.

   **WHEREFORE,** Axiom hereby demands judgment:

      (a)    Dismissing the Complaint, with prejudice;

      (b)    Awarding costs, counsel fees, and disbursements; and

      (c)    Awarding Axiom such other and further relief as the Court may deem just and proper.

**(ANSWER TO SECOND CLAIM - STRICT LIABILITY)**

34. Axiom repeats and realleges its responses to paragraphs 1 through 33 of the Complaint as though set forth in full herein.

35. Axiom admits that it manufactures and sells the DRX 9000, denies that it breached any duty owed as a result of the manufacture and sale of the DRX 9000 and, except as so admitted and denied, Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36. Axiom denies that it breached any duty owed as a result of the manufacture and sale of the DRX 9000 and, except as so denied, Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37. Axiom denies that it breached any duty owed as a result of the manufacture and sale of the DRX 9000 and, except as so denied, Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38. Denied.

39. Denied.

40. Axiom denies the claimed defects and denies that any injuries alleged by plaintiff are the result of acts or omissions on the part of Axiom and, except as so denied, Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40. Axiom denies that plaintiffs are entitled to any damages from Axiom.

   **WHEREFORE,** Axiom hereby demands judgment:

      (a)     Dismissing the Complaint, with prejudice;

6

    (b)    Awarding costs, counsel fees, and disbursements; and

    (c)    Awarding Axiom such other and further relief as the Court may deem just and proper.

### (ANSWER TO THIRD CLAIM – BREACH OF IMPLIED WARRANTY)

41. Axiom repeats and realleges its responses to paragraphs 1 through 40 of the Complaint as though set forth in full herein.

42. Axiom admits that it manufactures and sells the DRX 9000, denies that it breached any duty owed as a result of the design, manufacture and sale of the DRX 9000 and, except as so admitted and denied, Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43. Axiom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44. Axiom denies any implied warranties to plaintiff and denies any express or implied warranties to defendants DS and MRSC except as expressly provided in any applicable agreements between the parties.

45. Axiom denies that it breached any duty owed as a result of the design, manufacture, or sale of the DRX 900, including any claimed breach of warranty, and Axiom denies any implied warranties to plaintiff and denies any express or implied warranties to defendants DS and MRSC except as expressly provided in any applicable agreements between the parties.

46. Axiom denies that it breached any duty owed as a result of the design, manufacture, or sale of the DRX 900, including any claimed breach of warranty, and Axiom denies any implied warranties to plaintiff and denies any express or implied warranties to defendants DS and MRSC

except as expressly provided in any applicable agreements between the parties.

47. Denied.

       **WHEREFORE,** Axiom hereby demands judgment:

          (a)     Dismissing the Complaint, with prejudice;

          (b)     Awarding costs, counsel fees, and disbursements; and

          (c)     Awarding Axiom such other and further relief as the Court may deem just

and proper.

### (ANSWER TO FOURTH CLAIM – BREACH OF EXPRESS WARRANTY)

48. Axiom repeats and realleges its responses to paragraphs 1 through 47 of the Complaint as though set forth in full herein.

49. Axiom denies any implied warranties to plaintiff and denies any express or implied warranties to defendants DS and MRSC or others, except as expressly provided in any applicable agreements.

50. Axiom admits that it distributes promotional literature regarding the DRX 9000 and refers to the literature for an accurate and full statement of the terms thereof.

51. Axiom denies making any representations and warranties to plaintiff and denies any express or implied warranties to defendants DS and MRSC or to others, except as expressly provided in any applicable agreements.

52. Axiom denies that it breached any duty owed as a result of the design, manufacture, or sale of the DRX 900, including any claimed breach of warranty, and Axiom denies any implied warranties to plaintiff and denies any express or implied warranties to defendants DS and MRSC except as expressly provided in any applicable agreements between the parties.

8

53. Denied.

WHEREFORE, Axiom hereby demands judgment:

(a)     Dismissing the Complaint, with prejudice;

(b)     Awarding costs, counsel fees, and disbursements; and

(c)     Awarding Axiom such other and further relief as the Court may deem just and proper.

## (ANSWER TO FIFTH CLAIM – CONSUMER FRAUD)

54. Axiom repeats and realleges its responses to paragraphs 1 through 53 of the Complaint as though set forth in full herein.

55. Denied in that the cited statute contains no such definition.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

WHEREFORE, Axiom hereby demands judgment:

(a)     Dismissing the Complaint, with prejudice;

(b)     Awarding costs, counsel fees, and disbursements; and

(c)     Awarding Axiom such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a cause of action upon which relief may be granted and defendant reserves the right to move, at or before the time for trial, to dismiss the Complaint for failure to state a claim upon which relief can be granted.

2. Plaintiffs are barred from recovery by reason of the doctrines of waiver and estoppel.

3. Plaintiffs are barred from recovery, in whole or in part, by reason of the statute of limitations applicable to plaintiffs' claims.

4. Plaintiffs are barred from recovery in whole or in part by reason of plaintiffs' own negligent conduct and/or the conduct of persons other than Axiom over whom Axiom has no control.

5. Plaintiffs are barred from recovery in whole or in part by reason of superseding or intervening causes.

6. Plaintiffs are barred from recovery, in whole or in part, by reason of their failure to mitigate damages.

7. Plaintiffs are barred from recovery due to absence of any contractual privity between plaintiffs and Axiom.

8. Plaintiffs are barred from recovery due to the pertinent provisions of the agreements between plaintiffs and defendants.

9. Plaintiffs' claims are preempted in whole or in part by applicable federal law.

10. Plaintiffs' claims are barred by the applicable provisions of NJSA 2A:58C et seq. and Axiom expressly incorporates herein by reference all defenses available under that Statute.

11. Plaintiffs' claims are barred by reason of plaintiffs failure to satisfy conditions precedent.

12. Plaintiffs' claims are barred by the doctrine of laches.

10

13. Plaintiffs' claims should be reduced, offset, or barred in accordance with principles of comparative negligence and the Joint Tortfeasor Contribution Act.

14. The duty to warn, if any, extends only to plaintiff's physician and not directly to plaintiff; therefore, plaintiffs' claims are barred in whole or in part by the learned intermediary doctrine.

15. Plaintiff's claims are not governed by the laws of the State of New Jersey.

16. The imposition of punitive damages against Axiom violates Axiom's rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and similar statutory, constitutional, and common law principles under New Jersey and other applicable law.

11

## CLAIM FOR CONTRIBUTION AND INDEMNITY

To the extent that Axiom is liable in whole or in part for any claims asserted by plaintiffs herein, Axiom is entitled to contribution and indemnification from any other entities responsible in whole or in part for the damages alleged in the Complaint.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, David Ward is hereby designated as trial counsel on behalf of defendant Axiom Worldwide.

## REQUEST FOR STATEMENT OF DAMAGES

Pursuant to Rule 4:5-2, plaintiff shall provide, within five days, a written Statement of Damages claimed in this action.

## REQUEST FOR DOCUMENTS REFERRED TO IN THE COMPLAINT

Pursuant to Rule 4:18-2, plaintiff shall provide, within five days, copies of all documents referred to or relied upon in the Complaint.

Dated: August 25, 2006

Fox and Fox LLP
Attorneys for Defendant Axiom Worldwide

By:_____
          David A. Ward

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other pending action in any court or of a pending arbitration proceeding, nor is any other such action or arbitration proceeding contemplated. I further certify that there are no parties of whom I am aware who should be joined in this action at this time.

Dated: August 25, 2006

David A. Ward

## CERTIFICATION OF SERVICE

I hereby certify that the original of the within answer was filed with the Court and a copy was served upon counsel for plaintiff by Lawyers Service for next business day delivery and within the time prescribed by the Rules of Court.

Dated: August 25, 2006

David A. Ward

13

WAHRENBERGER, PIETRO & SHERMAN, LLP
150 Morris Avenue
Springfield, New Jersey 07081
(973) 258-9000
Attorneys for the defendant, Saint Chiropractic Center,
P.C., and Dr. David Saint

| | |
|---|---|
| Marlene Newman & Joel Newman, her husband,<br><br><br>               Plaintiffs<br>vs.<br><br>Axiom Worldwide, Saint Chiropractic Center, P.C., improperly plead as and DBA Montvale Rehab & Spinal Care and Dr. David Saint, John Doe and ABC Corporation, said names being fictitious and unknown and used to connote singular and plural persons or entities,<br><br>               Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:<br>DOCKET NO.<br><br>**Civil Action**<br><br>**ANSWER, REQUEST FOR STATEMENT OF DAMAGES, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR TRIAL BY JURY and DEMAND FOR ANSWERS TO INTERROGATORIES** |

    The defendants, Saint Chiropractic Center, P.C., and
Dr. David Saint answer the Complaint as follows:

### INTRODUCTION

    The defendants, Saint Chiropractic Center, P.C., and
Dr. David Saint deny to the allegations contained in this
paragraph.

### PARTIES

1. The defendants, Saint Chiropractic Center, P.C., and Dr.
David Saint neither admit nor deny the allegations
contained in this paragraph but rather leave plaintiff to
their proofs.

$EXH. E$

2. The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint neither admit nor deny the allegations contained in this paragraph but rather leave plaintiff to their proofs.

3. The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5-8. The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint admit to the allegations contained in these paragraphs.

9.   The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint deny to the allegations contained in this paragraph.

10.   The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint neither admit nor deny the allegations contained in this paragraph but rather leave plaintiff to their proofs.

### FACTS

11.   The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint admit to the allegations contained in this paragraph.

12.   The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint deny to the allegations contained in this paragraph.

13.   The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint admit to the allegations contained in this paragraph.

14.   The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint admit to the allegations contained in this paragraph.

15-21.   The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint deny to the allegations contained in these paragraphs.

## AS AND FOR A FIRST CLAIM
### NEGLIGENCE (AGAINST ALL DEFENDANTS)

22.  The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint incorporate by reference all previous responses set forth above as if fully set forth herein.

23-28.   The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint neither admit nor deny the allegations contained in these paragraphs but rather leave plaintiff to their proofs.

29-33.   The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint deny the allegations contained in these paragraphs.

## AS AND FOR A SECOND CLAIM
### STRICT LIABILITY (AGAINST DEFENDANT AXIOM)

34.  The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint incorporate by reference all previous responses set forth above as if fully set forth herein.

35-39.   The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint neither admit nor deny the allegations contained in these paragraphs but rather leave plaintiff to their proofs.

40.  The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint deny the allegations contained in this paragraph.

## AS AND FOR A THIRD CLAIM
### BREACH OF IMPLIED WARRANTY (AGAINST DEFENDANT AXIOM)

41.  The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint incorporate by reference all previous responses set forth above as if fully set forth herein.

42-46.   The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint neither admit nor deny the allegations

contained in these paragraphs but rather leave plaintiff to their proofs.

47. The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint deny the allegations contained in this paragraph.

## AS AND FOR A FOURTH CLAIM
## BREACH OF EXPRESSED WARRANTY (AGAINST DEFENDANT AXIOM)

48. The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint incorporate by reference all previous responses set forth above as if fully set forth herein.

49-50. The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint neither admit nor deny the allegations contained in these paragraphs but rather leave plaintiff to their proofs.

51. The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint admit to the allegations contained in this paragraph.

52. The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint neither admit nor deny the allegations contained in these paragraphs but rather leave plaintiff to their proofs.

53. The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint deny the allegations contained in this paragraph.

## AS AND FOR A FIFTH CLAIM
## VIOLATIONS OF CONSUMER FRAUD ACT N.J.S.A. SEC.56:8-1
## (AGAINST
## DEFENDANT AXIOM)

54. The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint incorporate by reference all previous responses set forth above as if fully set forth herein.

55-58. The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint neither admit nor deny the allegations contained in these paragraphs but rather leave plaintiff to their proofs.

59. The defendants, Saint Chiropractic Center, P.C., and Dr. David Saint deny the allegations contained in this paragraph.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The claims of the plaintiffs are barred in whole or in part by comparative negligence.

### SECOND SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD SEPARATE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### FOURTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the Entire Controversy Doctrine.

### FIFTH SEPARATE DEFENSE

Plaintiffs' claims are limited by the failure to mitigate damages.

### SIXTH SEPARATE DEFENSE

The injuries sustained by plaintiff were caused by persons or parties over whom these defendants had no control.

### SEVENTH SEPARATE DEFENSE

Plaintiffs' claims are limited by the failure to mitigate damages or avoid avoidable consequences.

## CROSSCLAIM FOR CONTRIBUTION

Defendants, Saint Chiropractic Center, P.C., and Dr. David Saint allege that in the event of judgment against them and in favor of plaintiff they will be entitled to judgment in their favor and against the co-defendants for their pro rata contribution pursuant to the provisions of the Joint Tortfeasors Act.

### NOTICE OF ALLOCATION

Pursuant to Rule 4:7-5 (c) and <u>Young v. Latta</u>, 123 N.J. 584 (1991), these defendants hereby advise that if any co-defendants settle the within matter prior to conclusion of trial, the liability of any settling co-defendants shall remain an issue and these defendants shall seek an allocation of a percentage of negligence by the finder of fact against such settling co-defendants and/or a credit in favor of these defendants consistent with such allocation.

### REQUEST FOR STATEMENT OF DAMAGES

Pursuant to the provisions of Rule 4:5-2, it is requested that within five days of service hereof, you furnish a written statement specifying the amount of damages claimed by the plaintiffs in the above-entitled action.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that Renee J. Sherman is designated trial counsel on behalf of the defendants.

### DEMAND FOR JURY

Defendants demand a trial by jury as to all issues.

### DEMAND FOR ANSWERS TO INTERROGATORIES

Defendants demand of plaintiff answers to uniform medical malpractice interrogatories **Form A and A(1)** as contained in the Appendix to the Rules of Court within the time prescribed, as well as supplemental interrogatories as attached.

## DEMAND FOR AFFIDAVIT OF MERIT

Defendants demand of plaintiff an Affidavit of Merit pursuant to N.J.S.A.2A:53A-26, within 60 days of the filing of this Answer.

## RULE 4:5-1 CERTIFICATION

Pursuant to Rule 4:5-1, defendants hereby certify that to the best of the defendants' knowledge, there is no other court action or arbitration proceeding pending or contemplated.

## CERTIFICATION PURSUANT TO R.4:6-1

I hereby certify that Wahrenberger, Pietro & Sherman LLP, attorneys for the defendants, Saint Chiropractic Center, P.C., and Dr. David Saint, have served a copy of this pleading as allowed under Rule 4:6-1 et seq.

WAHRENBERGER, PIETRO & SHERMAN LLP
Saint Chiropractic Center, P.C., and Dr. David Saint

Dated: _____   _Renee A. Sherman_
Renee A. Sherman

| | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| **CIVIL CASE INFORMATION STATEMENT** (CIS) | PAYMENT TYPE :  .CK     .CG     .CA |
| | CHG / CK NO. |
| Use for initial Law Division - Civil Part pleadings (not motions) under Rule 4:5-1. | AMOUNT : |
| **Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.** | OVERPAYMENT : |
| | BATCH NUMBER : |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Renee J. Sherman | ( 973   ) 258-9000 | Bergen |

| FIRM NAME (If applicable) | DOCKET NUMBER (When available) |
|---|---|
| Wahrenberger, Pietro & Sherman LLP | BER-L4787-06 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 150 Morris Avenue Springfield, New Jersey 07081 | Answer |
| | JURY DEMAND    [X] YES   [ ] NO |

| NAME OF PARTY (e.g. John Doe, Plaintiff) | CAPTION |
|---|---|
| Saint Chiropractic Center, P.C., and Dr. David Saint | Newman v. Saint Chiropractic Center, et als. |

| CASE TYPE NUMBER (See reverse side for listing)    604 | IS THIS A PROFESSIONAL MALPRACTICE CASE?   [X] YES   [ ] NO IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|

| RELATED CASES PENDING?   [ ] YES   [X] NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?   [ ] YES   [X] NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN    [ ] NONE   [X] UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A.  DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?   [ ] YES   [X] NO | IF YES, IS THAT RELATIONSHIP | [ ] EMPLOYER - EMPLOYEE   [ ] FRIEND / NEIGHBOR   [ ] OTHER (explain) _____ [ ] FAMILIAL   [ ] BUSINESS |
|---|---|---|

B.  DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   [ ] YES   [X] NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION.

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   [ ] YES   [X] NO     IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: _____

WILL AN INTERPRETER BE NEEDED?   [ ] YES   [X] NO     IF YES, FOR WHAT LANGUAGE: _____

ATTORNEY SIGNATURE

*Renee J. Sherman*

Revised July 2001

 

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track 1 -- 150 days' discovery

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY |
| 502 | BOOK ACCOUNT |
| 503 | COMMERCIAL TRANSACTION |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 599 | CONTRACT |
| 801 | SUMMARY ACTION |

### Track II -- 300 days' discovery

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 602 | ASSAULT AND BATTERY |
| 603 | AUTO NEGLIGENCE - PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 699 | TORT - OTHER |

### Track III -- 450 days' discovery

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV -- Active Case Management by Individual Judge / 450 days' discovery

| | |
|---|---|
| 156 | ENVIRONMENTAL COVERAGE LITIGATION |
| 234 | FRT PLYWOOD LITIGATION |
| 245 | ACTIONS UNDER FEDERAL Y2K ACT |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 613 | REPETITIVE STRESS SYNDROME |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRIT |

#### Mass Tort (Track IV)

| | |
|---|---|
| 240 | DIET DRUG |
| 241 | TOBACCO |
| 243 | LATEX |
| 246 | REZULIN |
| 601 | ASBESTOS |
| 611 | BREAST IMPLANT CASES |
| 612 | BLOOD-CLOTTING SERUM |

999     OTHER (Briefly describe nature of action) _____
_____

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

WAHRENBERGER, PIETRO & SHERMAN, LLP
150 Morris Avenue
Springfield, New Jersey 07081
(973) 258-9000
Attorneys for the defendant, Saint Chiropractic Center, P.C., and Dr. David Saint

| | |
|---|---|
| Marlene Newman & Joel Newman, her husband,<br><br><br>                       Plaintiffs<br>vs.<br><br>Axiom Worldwide, Saint Chiropractic Center, P.C., improperly plead as and DBA Montvale Rehab & Spinal Care and Dr. David Saint, John Doe and ABC Corporation, said names being fictitious and unknown and used to connote singular and plural persons or entities,<br><br>                    Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:<br>DOCKET NO.<br><br>**Civil Action**<br><br>STIPULATION EXTENDING TIME TO ANSWER |

It is hereby stipulated and agreed by and between the attorneys for plaintiff and defendants, Saint Chiropractic Center, P.C., and Dr. David Saint, that the time within which the said defendants may serve and file a responsive pleading to the Complaint is hereby extended for a period of 30 days.

Dated:

LAW OFFICE OF STEVEN A VARANO
Attorney for plaintiff


Steven A. Varano, Esq.   for the Firm


**ERIC S. HAUSMAN**
**ATTORNEY AT LAW OF**
**THE STATE OF NEW JERSEY**