David A. Ward
MANDELBAUM, SALSBURG, GOLD,
LAZRIS & DISCENZA, P.C.
155 Prospect Avenue
West Orange, New Jersey 07052
(973) 736-4600
Attorneys for defendant
Axiom Worldwide, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARLENE NEWMAN & JOEL NEWMAN, her husband,<br><br>    Plaintiffs,<br><br>    vs.<br><br>AXIOM WORLDWIDE, MONTVALE REHAB & SPINAL CARE, and DR. DAVID SAINT, JOHN DOE and ABC CORPORATION,<br><br>    Defendants<br>_____<br>AXIOM WORLDWIDE,<br><br>    Third Party Plaintiff,<br><br>    vs.<br><br>MONTVALE REHAB & SPINAL CARE CENTER, and DR. DAVID SAINT, and SAINT CHIROPRACTIC CENTER, P.C.<br><br>    Third Party Defendants. | Civil Action No. 06-5564 (WHW)(CCC)<br><br>**BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**<br><br>**MOTION RETURNABLE**<br>**November 16, 2009** |

**Statement of Facts**

Plaintiff filed the Complaint in the above matter on or about June 27, 2006. At that time, counsel for defendant Axiom Worldwide was counsel to Fox and Fox, LLP and had an existing client relationship with Axiom Worldwide. Axiom requested that Fox and Fox defend it against the claims asserted by plaintiff in the above action and counsel agreed, subject to the terms of the prior engagement.

Effective January 1, 2007, Axiom's counsel at Fox and Fox became a member of Mandelbaum, Salsburg, Gold, Lazris & Discenza, P.C. and at that time Axiom requested that counsel continue to represent its interests in this matter. Mandelbaum Salsburg agreed to do so and since that time has represented Axiom subject to the same terms as the representation at Fox and Fox. Mandelbaum Salsburg has performed numerous services and submitted monthly statements to Axiom that detail the services rendered, the attorneys that performed these services, the hourly rates, the expenses incurred, and the total amount due.

Axiom has failed to make payment on invoices for over six months, despite repeated demands for payment. The substantial portion of Axiom's total indebtedness to Mandelbaum Salsburg has been due and owing for more than 180 days. Many of the requests for payment have been in writing; however, these documents are not being produced with this motion because the correspondence also contains attorney-client information related to the subject action proceeding, case status, discovery issues, and other matters that are protected from disclosure as attorney-client communications or as attorney work product.

Mandelbaum Salsburg has advised Axiom in numerous communications that unless

payment was made immediately on the past due invoices, Mandelbaum Salsburg would be compelled to seek leave to withdraw as counsel in this matter.

Axiom's recurring failure to comply with its payment obligations and its failure to provide adequate assurance that it will make necessary arrangements for payment of the balance due demonstrates that it is either unable or unwilling to compensate Mandelbaum Salsburg for the time and expense incurred in this litigation.  Axiom's conduct also suggests that it is unwilling to pay Mandelbaum Salsburg for the necessary future time and expenses that this firm would have to incur to prepare this matter for trial.  In addition, Axiom has failed to communicate with counsel concerning fee issues and other matters relevant to the litigation.  Accordingly, Mandelbaum Salsburg, requests permission to be relieved as counsel pursuant to RPC 1.16(b)(5),(6) and (7) and pursuant to Local Civil Rule 102.1.

There has been no trial date set in this matter and there has been no pre-trial conference. Accordingly, there is ample time for Axiom to obtain the services of any substitute counsel that it may desire to defend itself and pursue any cross-claims asserted in this matter.

**Argument**

New Jersey's Rules of Procedure and Rules of Professional Conduct, together with Local Civil Rule 102.1, address the appearance and conduct of attorneys before the Courts, including the standards for an attorney to be permitted to withdraw as counsel.[1]  Under Local Civil Rule 102.1, the Court should determine whether withdrawal would prejudice other parties or unduly delay the proceedings or harm the administration of justice.  See *United States ex. Rel. Cherry Hill Convention Center v. Healthcare Rehab Systems, Inc*., 994 F.Supp. 244, 252-53 (D.N.J. 1997); see

also *Bogart v. Moda Entertainment*, 2009 U.S. Dist. LEXIS 64969 (D.N.J. July 24, 2009)(the court must consider, the burden imposed on the potentially withdrawing counsel if the status quo is maintained, the stage of the proceedings, and the prejudice to other parties)(citations omitted).

The Court should also consider whether continued representation by counsel seeking to withdraw would serve no meaningful purpose. *Bogart v. Moda Entertainment*, 2009 U.S. Dist. LEXIS 64969 (D.N.J. July 24, 2009)(finding no meaningful purpose would be served by continued representation where client had failed to make payment as agreed and failed to communicate with counsel).

Mandelbaum Salsburg has satisfied the foregoing requirements by virtue of the fact that this matter is not listed for trial, no pre-trial conference has been held, Axiom has failed to communicate with the firm, and it has failed to make any payments in over six months. Accordingly, no meaningful purpose would be served by continued representation and good cause exists for the firm's withdrawal.

Withdrawal of representation is also proper under RPC 1.16(b), which provides, in pertinent part, that a lawyer may withdraw from representing a client if: "(1) withdrawal can be accomplished without material adverse effect on the interests of the client; . . . (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists."

---

[1] New Jersey's Rules of Professional Conduct are made applicable by Local Civil Rule 103.1.

Mandelbaum Salsburg respectfully submits that: (a) the withdrawal can be accomplished without materially adversely effecting Axiom's interests; (b) Axiom has failed to fulfill its obligations to pay Mandelbaum Salsburg for its services and has failed to communicate with the firm; and, (c) requiring Mandelbaum Salsburg to proceed with pre-trial discovery and trial without payment of Axiom's past indebtedness and with no assurance of paying for future services and expenses would create an unreasonable and substantial financial burden for the firm.

In applying the foregoing Rules of Professional Conduct, the court in *Jacobs v. Pendel*, 98 N.J. Super. 252, 255 (App. Div. 1967) held that "[j]ustifiable cause for an attorneys' withdrawal includes the failure or refusal of the client to pay or secure the proper fees or expenses of the attorney after being seasonably requested to do so." In *Smith v. R.J. Reynolds Tobacco Co.*, 267 N.J. Super. 62, 80 (App. Div. 1993), the Appellate Division held that a motion to be relieved as counsel due to financial hardship could be granted irrespective of any materially adverse impact on the client.

Here, despite Axiom having accepted the substantial benefits of Mandelbaum Salsburg's services before this Court, and despite Mandelbaum Salsburg's repeated requests for payment, Axiom has failed to honor its obligations to the firm. Moreover, there is no concern of a material adverse impact on Axiom because there has been no trial date set nor has there been any pre-trial conference. Axiom has ready access to other counsel to assist in the preparation of trial and the transition of this matter from Mandelbaum Salsburg. There is also no special knowledge of the discovery or history of this litigation that this firm possesses and which cannot be readily learned by other counsel. Thus, there will be no prejudice to Axiom and there should be no undue delay in these proceedings if the Court grants the requested relief.

**Conclusion**

Mandelbaum Salsburg has established just cause for its application to withdraw as counsel and the withdrawal of Mandelbaum Salsburg will not cause any unfair prejudice to Axiom or any other party, nor should this withdrawal cause any delay in these proceedings.  Accordingly, we respectfully request that the Court grant the within motion.

October 15, 2009

                                    Respectfully Submitted,

                                    *S/David A. Ward*

                                    David Ward
                                    MANDELBAUM, SALSBURG, GOLD,
                                    LAZRIS & DISCENZA, P.C.
                                    155 Prospect Avenue
                                    West Orange, New Jersey 07052
                                    Tel:  973-736-4600