**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARLENE NEWMAN & JOEL NEWMAN | : | |
| | : | |
| Plaintiffs, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 06-5564 (WHW) |
| | : | |
| AXIOM WORLDWIDE, MONTAGE | : | |
| REHAB & SPINAL ARE, and DR. DAVID | : | |
| SAINT, JOHN DOE and ABC | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

**Walls, Senior District Judge**

Plaintiffs, Marlene Newman and Joel Newman, move for default judgment, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, against defendant Axiom Worldwide ("Axiom").[1] Axiom has not answered nor responded to plaintiffs' motion for default judgment. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court decides this motion without oral argument. The motion is granted.

**FACTS AND PROCEDURAL BACKGROUND**

This is an action for personal injuries sustained by plaintiff Marlene Newman while receiving treatment on Axiom's spinal decompression machine. The Complaint alleges that "on

---

[1]Plaintiffs conflate Rule 55(a) and 55(b) of the Federal Rules of Civil Procedure as they move for the Clerk's entry of default and default judgment under Rule 55(a). The Court considers plaintiffs' motion for default judgment under Rule 55(b).

**NOT FOR PUBLICATION**

or about June 27, 2004, plaintiff [Marlene] consulted a back specialist in the diagnosis and treatment related to back pain she was experiencing." (Compl. ¶ 12.) She visited Dr. David Saint who prescribed spinal decompression treatment with a device called the Axiom Worldwide DRX9000. (Id. ¶ 14.) Plaintiff was not told of any risks associated with the device, which is reported to work by 'decompressing the spine' by pulling the upper body from the lower body." (Id. ¶¶ 15-16.) "While strapped to the Axiom Worldwide DRX9000 during treatment, [Marlene] experienced discomfort in the area about the back and left shoulder." (Id. ¶ 17.) "The next morning [Marlene] woke with severe pain about the same area of the back and left shoulder." (Id. ¶ 18.) "As a result of the treatment, [she] [suffered] a torn rotator cuff of the left shoulder." (Id. ¶ 19.) Because of these injuries, Marlene experienced "substantial pain, limitation of use, and decreased range of motion" and had to undergo three surgical procedures to the left shoulder. (Id. ¶¶ 20-21.)

Plaintiffs commenced the action on or about June 27, 2006, by filing of a summons and complaint with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County. On or about July 26, 2006, plaintiffs served the summons and complaint on Axiom. The Affidavit of Service was filed with the county clerk of Bergen County. Axiom filed its Answer in state court. On November 20, 2006, the action was removed to this Court based on diversity of citizenship, and Axiom appeared by way of counsel, David A. Ward. On November 25, 2009, Magistrate Judge Cecchi granted Mr. Ward's application to withdraw as counsel for Axiom. Noting that a defendant corporation must be represented by a member of the bar, the Magistrate Judge ordered Axiom to get counsel within thirty (30) days; otherwise she would ask this Court

**NOT FOR PUBLICATION**

to enter default against it.  Axiom has neither appeared by counsel, nor requested an extension to

obtain new counsel.  On January 19, 2010, plaintiffs filed a motion for entry of default and

default judgment and served a copy of their motion on Axiom.  On May 5, 2010, the Clerk

entered default against Axiom.  The Court now considers plaintiffs' motion for default judgment.


**STANDARD**

Fed. R. Civ. P. 55(b)(2) governs a court's entry of default judgment.  Before granting

default judgment, a court must first satisfy itself that it has personal jurisdiction over the party

against whom default judgment is requested.  D'Onofrio v. Il Mattino, 430 F. Supp. 2d 431, 437

(E.D. Pa. 2006) (citing Mwani v. bin Laden, 417 F.3d 1, 6 (D.C. Cir. 2005)).  Personal

jurisdiction involves valid service of process (complaint and summons) over a defendant and

comporting with due process requirements.  Gold Kist, Inc. v. Laurinburg Oil Co. Inc., 756 F.2d

14, 19 (3d Cir. 1985).  The threshold defense of lack of personal jurisdiction is waived if it is not

included in a preliminary motion under Rule 12 as required by Rule 12(g), or not included in a

responsive pleading or an amendment as of right to that pleading under Rule 15(a).  Fed. R. Civ.

P. 12(h)(1).

Parties seeking default judgment are not entitled to such relief as a matter of right, even

where the defendant was served with process and default has been noted pursuant to Fed. R. Civ.

P. 55(a).  See, e.g., Local Union No. 98, Int'l Bd. of Elec. Workers v. Cableco, No. 99-755, 1999

WL 269903, at *1 (E.D. Pa. Apr. 28, 1999) (citing Petrucelli v. Bohringer & Ratzinger, 46 F.3d

1298, 1303 (3d Cir. 1995)).  Before granting a default judgment, a court must first ascertain

**NOT FOR PUBLICATION**

whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Directv, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10A Wright, et al., Fed. Pract. & Proc. § 2688 (3d ed. 1998)). The Court then uses its discretion to decide whether to issue a default judgment and looks at "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

Courts should accept as true the well-pleaded factual allegations of the complaint, but need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10 Wright, et al., Fed Pract. & Proc. § 2688 (2d ed. 1983)). A court must "conduct its own inquiry 'in order to ascertain the amount of damages with reasonable certainty.'" Int'l Assoc. of Heat & Frost Insulators v. S. Jersey Insulation Servs., No. 05-3143, 2007 WL 276137, at *1 (D.N.J. Jan. 26, 2007) (quoting In re Indus. Diamonds, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)).

**DISCUSSION**

**I.    Jurisdiction and Service of Process**

This Court has both personal and subject matter jurisdiction over this matter. The Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiffs are natural persons who are residents of the State of New Jersey. Defendant Axiom Worldwide is a foreign corporation organized in the State of Florida conducting business at 9423

-4-

**NOT FOR PUBLICATION**

Corporate Lake Drive, Tampa, Florida 33634, with a principal place of business in Florida. The

amount in controversy exceeds $75,000. Personal jurisdiction is not at issue because it is

uncontested and because Axiom "marketed to and transacted business within the State of New

Jersey and contracted to supply its products within the State of New Jersey." (Compl. ¶ 4.)

Service of the summons and complaint were properly effected upon Axiom by delivering copies

of them on July 26, 2006. The Affidavit of Service was filed with the Clerk of Bergen County.

**II.     Corporation Without Counsel in Federal Court**

It is well established that a corporation may appear in federal court only through licensed

counsel. Rowland v. Cal. Men's Colony, 506 U.S. 194 (1993); Osborn v. President of U.S., 22

U.S. 738, 745 (1824); Simbraw, Inc.v. U.S., 367 F.3d 373 (3d Cir. 1966). "When the basis for

entry of default against a corporation is failure to appear with counsel, the findings underlying the

entry of default should be rendered after a fair hearing. Due process demands at least an informal

hearing for presentation of evidence and explanations of the defendant, its counsel, and the

opposing party. However, in extreme cases, as when a pro se defendant has engaged in willful

disobedience to the Federal Rules of Civil Procedure and orders rendered by the court, entry of

default judgment will not be set aside." 9A Fletcher Cyc. Corp. § 4700 (internal citations

omitted).

A hearing is unnecessary in this case because Axiom has blatantly refused to obtain new

counsel as required by Magistrate Judge Cecchi's November 25, 2009 order. More than five

months have elapsed without Axiom obtaining counsel or seeking any extensions. This willful

disobedience justifies entry of default without a hearing. See Fletcher Cyc. Corp. § 4700. The

**NOT FOR PUBLICATION**

clerk entered default against Axiom on May 5, 2010.

**III.     Whether Plaintiffs Have Stated a Viable Cause of Action**

**Product Liability**

Because parties seeking default judgment are not entitled to such relief as a matter of right, a court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Directv, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10A Wright, et al., Fed. Pract. & Proc. § 2688 (3d ed. 1998)).

Plaintiffs' complaint contains five individual causes of actions: (1) negligence; (2) strict liability; (3) breach of implied warranty; (4) breach of express warranty; and (5) violations of the Consumer Fraud Act N.J.S.A. § 56:8-1.  However, the first three causes of actions are subsumed by the New Jersey Product liability Act.  See N.J.S.A. 2A: 58C-1.  This statute applies to "any claim or action brought by a claimant for harm caused by a product."  Id.  Section 2 of this statute describes the *sole* method of proof:

> A manufacturer or seller of a product shall be liable in a product
> liability action *only* if the claimant proves by a preponderance of
> the evidence that the product causing the harm was not reasonably
> fit, suitable or safe for its intended purpose. . . . (emphasis added).

N.J.S.A. 2A: 58C-1.  Accordingly, "common-law actions for negligence or breach of warranties (except express warranties) are subsumed within the new statutory cause of action if the claimant and harm also fall within the definitional limitations of section 1." Tirrell v. Navistar Int'l, 248 N.J. Super. 390, 398 (1991).

**NOT FOR PUBLICATION**

Here, plaintiffs allege that the spinal decompression device manufactured by Axiom was not reasonably fit, suitable, or safe for its intended purpose and was the factual and proximate cause of Marlene's injury.  (Compl. ¶¶ 45-47.)  The Court finds that plaintiffs have sufficiently stated a cause of action for product liability under N.J.S.A. 2A: 58C-1.

**Breach of Express Warranty**

The New Jersey Product Liability Statute ("Product Liability Statute") expressly excludes express warranties from the definition of a products lawsuit, allowing for a separate cause of action for breach of express warranties.  N.J. Rev. Stat. § 2A:58C-1(3).  Section 12A:2-313 of the Product Liability Statute explains that a seller creates an express warranty through an affirmation of fact or promise to the buyer which relates to the goods and becomes part of the basis of the bargain.  The seller does not have to use formal words such as "warrant" or "guarantee."  N.J. Stat. § 2A:2-313 (2010); see also   Cipllone v. Liggett Group, Inc., 893 F.2d 541, 574 (3d Cir. 1990) (Noting that "no formality or magic words are required" in order to create an express warranty).  While the Product Liability Statute suggests that an express warranty only exists between a seller and buyer, New Jersey courts allow an ultimate consumer to recover for breach of an express warranty even where there is no privity. See, e.g., Spring Motors Distribs. v. Ford Motor Co., 98 N.J. 555, 583 (N.J. Sup. Ct. 1985).

In this case, plaintiffs allege that Axiom, in promoting the Axiom Worldwide DRX9000 spinal decompression device, "expressly warranted that said devices are 'totally safe,' without risk of injury and designed to '[avoid] any injuries."  Plaintiffs also claim that defendant's promotional literature included the following question and answer statement:

**NOT FOR PUBLICATION**

> Is there any risk to the patient during treatment on the DRX 9000?
> No. The DRX9000 is totally safe and comfortable for all subjects.
> The system has emergency stop switches for both the patient and
> the operator.  These switches are a requirement of the FDA and
> terminates the treatment immediately, avoiding any injuries.

(Compl. ¶ 50.)  Plaintiffs claim that Axiom "breached said warranties in that the Axiom

Worldwide DRX 9000 spinal decompression device was not safe for its ordinary purpose as a

pain relieving spinal decompression device in that it had potentially harmful propensities,

including the propensities that caused injuries to [Marlene]. . . ."  (Id. ¶ 52.)  Plaintiffs contend

that as "a direct and proximate result of the Defendant Axiom's breaches of warranty, upon which

[Marlene Newman] relied, she was caused to suffer injuries and related losses, in addition

plaintiff [Joel Newman] suffered services and companionship losses."  (Id. ¶ 53.)

The Court finds that plaintiffs have sufficiently plead their claim for breach of express

warranty.

**Consumer Fraud Act N.J.S.A. 56:8-1**

The Consumer Fraud Act ("CFA") vests private citizens with a cause of action under

defined circumstances: Any person who suffers any ascertainable loss of moneys or property, real

or personal, as a result of the use or employment by another person of any method, act, or practice

declared unlawful under this act may bring an action in any court of competent jurisdiction.  N.J.

Stat. Ann. § 56:8-19.  To state a claim under the Consumer Fraud Act, a plaintiff must allege: (1)

unlawful conduct by a defendant; (2) an ascertainable loss on the part of the plaintiff; and (3) a

causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable

loss.  N.J. Stat. Ann. § 56:8-1 et seq. (2005); see also New Jersey Citizen Action v. Schering-

NOT FOR PUBLICATION

Plough Corp., 367 N.J. Super. 8, 12-13 (App. Div. 2003) (citing Cox v. Sears Roebuck & Co.,

647 A.2d 454, 465 (N.J. 1994)).

   "The focus of the Act is the activity of a corporation that constitutes an 'unlawful

practice.'" Turf Lawnmower Repair v. Bergen Record Corp., 139 N.J. 392, 414 (1995).  N.J.S.A.

56:8-2, dealing with fraud in connection with sale or advertisements by merchants, reads:

> The act, use, or employment by any person of any unconscionable
> commercial practice, deception, fraud, false pretense, false
> promise, misrepresentation, or the knowing concealment,
> suppression, or omission of any material fact with intent that others
> rely upon such . . . whether or not any person has in fact been
> misled, deceived or damaged thereby, is declared to be an unlawful
> practice. . . .

N.J.S.A. 56:8-2.  Courts have categorized 'unlawful acts' into three categories: affirmative acts,

knowing omission, and regulation violations."  See Cox v. Sears Roebuck & Co., 138 N.J. 2, 15

(1994).  "[T]he phrase 'unconscionable commercial practice' is not defined in the Act.

Acknowledging that 'unconscionability' is an 'amorphous concept obviously designed to establish

a broad business ethic,' courts have defined the term as '[t]he standard of conduct contemplat[ing]

good faith, honesty in fact, and observance of fair dealing.'" Meshinsky v. Nicholas Yacht Sales,

Inc., 110 N.J. 464, 472 (1988) (quoting Kugler v. Romain, 58 N.J. 522, 544 (1971)).  The New

Jersey Supreme Court has held that "[t]o constitute consumer fraud sufficient to trigger the actual-

malice standard, the business practice in question must be 'misleading' and stand outside the

norm of reasonable practice in that it will victimize the average consumer . . . ." New Jersey

Citizen Action, 367 N.J. at 12 (quoting Turf Lawnmower, 139 N.J. at  416, cert denied, 516 U.S.

1066 (1996)).

NOT FOR PUBLICATION

Plaintiffs claim that at the time of manufacturing, developing, marketing, selling and/or distributing the Axiom Worldwide DRX9000 spinal decompression device, Axiom knew or should have known of the potentially dangerous propensities of the device, but misled consumers in "material respects" by its actions, "including, but not limited to Axiom's claim that the subject product was 'totally safe,' without risk of injury and designed to '[avoid] any injuries.'" (Compl. ¶ 58.)  The Court finds that plaintiffs have sufficiently plead a violation of the CFA by Axiom.[2]

## IV.   Whether Plaintiff is Entitled to Default Judgement

In determining whether to issue a default judgment, the a district court should consider (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether defendant's delay is due to culpable conduct." Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656 (3d Cir. 1982).  As a general matter, defaults are not favored and courts should consider whether lesser sanctions would better serve the interests of justice.  Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (1983).

Here, these factors support the issuance of a default judgment.  First, plaintiffs will be prejudiced if default judgment is not granted because they will not be able to seek damages for

---

[2]In Count five for violations of CFA, plaintiffs also allege that defendant Axiom Worldwide violated the act by failing to warn of the "dangerous propensities"of the device when they "knew or should have known of the potentially dangerous propensities of their product." (Compl. ¶¶ 56-7.)  The Court does not use these specific allegations as a basis for its default judgment because courts have held that when the basis for a manufacturer's violation is its failure to warn of dangerous propensities, plaintiffs cannot maintain separate causes of action under the New Jersey Product Liability Act, N.J. Stat. Ann. 2A:58C-1 and the CFA.  See McDarby v. Merck & Co., Inc., 949 A.2d 223, 278 (App. Div. 2008), appeal dismissed by 200 N.J. 267 (2009) (holding that plaintiffs' CFA claims were subsumed within the Product Liability Act when the claims were based on failure to warn).

-10-

**NOT FOR PUBLICATION**

their injuries due to defendant's continuing refusal to comply with Court orders.  Second, there

does not seem to be a meritorious defense.  "The showing of a meritorious defense is

accomplished when "allegations of defendant's answer, if established on trial, would constitute a

complete defense to the action."  U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir

1984) (citing Tozer v. Charles A. Krause Milling Co., 189 F. 2d 242, 244 (3d Cir. 1951)).  While

Axiom has filed an Answer which it denies many of the allegations in the Complaint or denies

having sufficient knowledge to admit or deny the plaintiffs' allegations, it does not allege

"specific facts beyond simple denials or conclusionary statements."  See Tozer, 687 F. 2d at 244

(holding that defendant established a meritorious defense when it alleged specific facts beyond

simple denials or conclusionary statements).  Lastly, defendant's delay is the result of its culpable

conduct because it has refused to comply to Magistrate Judge's order to obtain counsel and has

not sought any extensions.

**CONCLUSION**

The Court grants plaintiffs' motion for default judgment.  The Court reserves final

judgment on damages and will hold a hearing for this purpose on June 24, 2010 at 9:30 A.M..


**SO ORDERED**

.
**s/ William H. Walls**
United States Senior District Judge

June 2, 2010

-11-